UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL J. RODRIGUEZ,

        Plaintiff,

  -against-              **VERIFIED COMPLAINT**

HEINCHON MARCUS DISTRIBUTORS, LLC

        Defendant.
------------------------------------------------------------X

  Plaintiff, by his attorneys Catania, Mahon, Milligram & Rider, PLLC, alleges as follows against defendant, Heinchon Marcus Distributors, LLC (hereinafter "HMD").

## INTRODUCTION

1. This case involves a failure to pay wages and overtime wages and an accounting.

2. Plaintiff seeks compensatory damages, penalties, liquidated damages and counsel fees pursuant to the FLSA and New York Labor Law.

3. Plaintiff is a United States citizen and resided at all relevant times referred to herein in the County of Orange, and State of New York. Plaintiff brings this action against defendant for (1) unpaid wages, spread of hours wages, liquidated damages and counsel fees (pursuant to the Fair Labor Standards Act and the New York State Labor Law); (2) unpaid overtime, liquidated damages, and counsel fees (pursuant to the Fair Labor Standards Act and the New York State Labor Law); (3) an accounting of plaintiff's hours of work during the period of his employment.

## JURISDICTION AND VENUE

4. This court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1337; 42 U.S.C. § 1981 and 29 U.S.C. § 206, 207 and 215.

5.      This court has supplemental jurisdiction over plaintiff's New York State law claims under 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)

## THE PARTIES

7.      Plaintiff is and was at all relevant times hereinafter mentioned, a resident of the County of Orange, and State of New York.

8.      The defendant HMD is and at all relevant times hereinafter mentioned was, upon information and belief, a New York corporation.

9.      The defendant HMD is and at all relevant times hereinafter mentioned was, upon information and belief, a foreign corporation.

10.     Plaintiff was employed by defendant from November 2014 to March 16, 2015 as a truck driver for milk deliveries requiring a CDL driver's license.

11.     At all times hereinafter mentioned, defendant HMD was responsible to pay the wages paid to the plaintiff.

12.     Plaintiff was at all times hereinafter mentioned a non-exempt, hourly employee.

## FACTS

13.     Plaintiff worked in excess of 40 hours in a workweek and defendant only compensated plaintiff for 40 hours in the workweek.

14.     When plaintiff worked in excess of 10 hours per day, defendant only compensated plaintiff for 10 hours in the day.

16.     Plaintiff frequently worked in excess of 10 hours per day and in excess of 40 hours in the workweek.

18. Notwithstanding the foregoing, defendant failed to and continues to fail to pay plaintiff for the hours worked in excess of 10 hours worked in a day.

19. Notwithstanding the foregoing, defendant failed to and continues to fail to pay plaintiff for the hours worked in excess of 40 hours in a workweek.

20. The defendant is in possession of the records, including, without limitation, computer hardware and software through which defendant can precisely calculate the number of hours in a day and the hours in the workweek for which defendant has not compensated plaintiff.

## FIRST CAUSE OF ACTION FOR AN ACCOUNTING

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22. Plaintiff does not have access to the record of all of the daily and weekly hours plaintiff worked and does not have access to the record of all the daily and weekly hours for which plaintiff was compensated by defendant, which are exclusively within the possession and control of defendant.

23. Defendant is legally obligated to maintain a record of the hours and days worked by the plaintiff.

24. Notwithstanding the foregoing, defendant failed to and continues to fail to pay plaintiff for the hours in excess of 10 hours worked in a day and in excess of 40 hours in a workweek.

25. Plaintiff demands an accounting of the hours and days worked by plaintiff, and the defendant's records relating to the hours and days for which defendant compensated plaintiff.

## SECOND CAUSE OF ACTION UNDER NEW YORK LABOR LAW FOR FAILURE TO PAY WAGES AND OVERTIME WAGES

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 herein as if fully set forth herein.

27. During the time of plaintiff's employment by the defendant, defendant was aware that the payment of wages and overtime are mandated by the New York Labor Law for non-exempt employees, including the plaintiff.

29. The failure by the defendant to pay plaintiff for hours in excess of 10 hours in any workday and in excess of 40 hours in a workweek is contrary to the provisions of the New York Labor Law.

30. Pursuant to the New York Labor Law, and subject to the accounting herein demanded, defendant is responsible to compensate plaintiff for the payment of wages for hours worked, and overtime wages at the rate of one and one half times the plaintiff's regular rate of pay, compensation for "spread of hours," liquidated damages of 100% of the amount due and attorneys fees.

## THIRD CAUSE OF ACTION UNDER NEW YORK LABOR LAW FOR FAILURE TO PAY WAGES AND OVERTIME WAGES

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 herein as if fully set forth herein.

32. During the time of plaintiff's employment by the defendant, defendant was aware that the payment of wages and overtime are mandated by the Fair Labor Standards Act for non-exempt employees, including the plaintiff.

33. The failure by the defendant to pay plaintiff for hours in excess of 10 hours in any workday and in excess of 40 hours in a workweek is contrary to the provisions of the Fair Labor Standards Act for non-exempt employees, including the plaintiff.

34. Pursuant to the FLSA and subject to the accounting herein demanded, defendant is responsible to compensate plaintiff for the payment of wages for hours worked, and overtime wages at the rate of one and one half times the plaintiff's regular rate of pay, compensation for "spread of hours," liquidated damages of 100% of the amount due and attorneys fees.

35. Before filing this complaint, a copy was served on the Attorney General's office pursuant to New Your Labor Law section 215.2(b).

WHEREFORE. Plaintiff respectfully requests a judgment as follows, or in such other amount as is determined at trial:

a. On his first cause of action, an accounting as herein stated.

b. On his second cause of action, for unpaid wages and overtime, plus prejudgment interest, liquidated damages, penalties and attorney's fees and costs, such amount as is determined at trial based on the court's determination of the accounting by the defendant as requested in the first cause of action.

c. On his third cause of action, for unpaid wages and overtime, plus prejudgment interest, spread of hours, liquidated damages, penalties and attorney's fees and costs, such amount as is determined at trial based on the court's determination of the accounting by the defendant as requested in the first cause of action.

d. Prejudgment interest, liquidated damages, penalties, attorneys fees and costs, and

e. Such other and further and proper relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Newburgh, New York

July 27, 2015

                                Yours, etc.,

                                CATANIA, MAHON, MILLIGRAM
                                &amp; RIDER, PLLC

By: _____
                                ROBERT E. DINARDO
                                Attorneys for Plaintiff
                                One Corwin Court
                                P.O. Box 1479
                                Newburgh, New York 12550
                                Tel. No. (845) 565-1100